# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>GEORGE CONNELLY, JR., et al. | No. 3:16-cr-125 (MPS)<br><br>December 3, 2018 |

## RULING ON MOTION FOR BAIL PENDING APPEAL OR STAY OF SURRENDER FOR SENTENCE

Defendant George Connelly has filed an expedited motion seeking bail pending appeal under 18 U.S.C. § 3143 or, in the alternative, an order directing the Bureau of Prisons ("BOP") to designate Connelly to a BOP medical facility or a stay of Connelly's self-surrender, currently scheduled for today, December 3, 2018, until he can be designated to an appropriate BOP facility. (ECF No. 206.) For the reasons stated herein, Connelly's motion is DENIED.

Connelly was convicted after jury trial of one count of Conspiracy to Transport Stolen Property in violation of 18 U.S.C. § 371 and two counts of Interstate Transport of Stolen property in violation of 18 U.S.C. § 2314. (ECF No. 172.) On May 25, 2018, this Court denied Connelly's motion for judgment of acquittal in a written opinion (ECF No. 143), which is incorporated herein by reference. On October 5, 2018, this Court issued its judgment sentencing Connelly to 78 months imprisonment. (ECF No. 172.) On October 11, 2018, the government filed a motion under Rule 35(a) to correct or amend the sentence to reflect that Connelly fell into criminal history category I, not II, which this Court granted on October 12, 2018. (ECF Nos. 180, 181.) However, the Court concluded that while the correction was warranted, the original non-Guidelines sentence of 78 months imprisonment remained appropriate. (ECF No. 181.) Connelly's appeal is currently pending before the Second Circuit. (ECF No. 206 at 2–3.) Connelly initially filed a motion for bail pending appeal in the Court of Appeals, but after the

government filed its opposition noting that Connelly did not first seek relief in the district court, Connelly re-filed the motion here, attaching the briefs filed in the Court of Appeals. (ECF No. 206 at 2–21.) These papers were filed in this Court on Friday, November 30, 2018. (ECF No. 206.)

Connelly's motion attaches a 2-page exhibit, which Connelly asserts is a CT scan report from October 16, 2018, after this Court imposed sentence. (ECF No. 206 at 9–10.) The report states in relevant part that Connelly "is at significant risk for vertebral fracture and paralysis if he suffered a fall, was in an altercation, or even did heavy physical work" due to a bullet fragment lodged in his spine from a 2008 shooting in which Connelly was an innocent victim. (*Id.*; *see* ECF No. 206 at 7.) Having reviewed Connelly's motion, his and the government's briefs filed in the Court of Appeals, and the medical evidence submitted, the Court denies each of the three types of relief Connelly seeks.

First, Connelly has not shown that he is entitled to bail pending release. "The Bail Reform Act, as amended, sets forth the procedure by which judicial officers determine whether a recently convicted person is eligible for release pending appeal." *United States v. DiSomma*, 951 F.2d 494, 496 (2d Cir. 1991) (citing 18 U.S.C. §§ 3143(b) and 3145(c)).

As relevant here,[1] 18 U.S.C. § 3143(b)(1) provides:

> [T]he judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal . . . be detained, unless the judicial officer finds—(A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—(i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of

---

[1] Crimes of violence, offenses with maximum sentences of life in prison, and drug offenses carrying maximum sentences of ten or more years in prison require detention pending appeal absent exceptional reasons, but Connelly's conviction implicates none of these types of crimes. *See DiSomma*, 951 F.2d at 496; 18 U.S.C. §§ 3143(b)(2), 3142(f)(1).

imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

Connelly bears the burden of persuasion to meet each of these elements. *See United States v. Randell*, 761 F.2d 122, 125 (2d Cir. 1985).

Connelly's motion for bail pending release fails, because he does not show that his appeal raises a substantial question of law or fact likely to result in reversal, new trial, a sentence of non-imprisonment, or a reduced sentence. *See* 18 U.S.C. § 3143(b)(1)(B). A "substantial question is one of more substance than would be necessary to a finding that it was not frivolous. It is a close question or one that very well could be decided the other way." *Randell*, 761 F.2d at 125 (internal quotation marks omitted). "If a court does find that a question raised on appeal is 'substantial,' it must then consider whether that question is so integral to the merits of the conviction on which defendant is to be imprisoned that a contrary appellate holding is likely to require reversal of the conviction or a new trial." *Id.* (internal quotations omitted). Connelly's appellate brief lists, without citation and in one-paragraph summary fashion, the potential issues on appeal that "*could*" result in reversal, but does not argue how or why any raise a substantial question of law or fact or are so integral to the merits that they would likely require reversal, new trial, or non-imprisonment. (ECF No. 206 at 6–7 (emphasis added).) Without further development, Connelly has not met his burden on this element, and the Court further notes that while bail is not "dependent upon the willingness of a trial court to certify that it is likely to be reversed," the Court appears to have already rejected some of the same issues Connelly now seeks to raise and Connelly provides no reasons to convince the Court that it was mistaken. *Randell*, 761 F.2d at 125. (*See, e.g.*, ECF No. 70 (denying motion to sever).) *See United States v. Mancuso*, No. 5:08-CR-611 (FJS), 2010 WL 11530519, at *3 (N.D.N.Y. Dec. 22, 2010) (finding no substantial questions raised where defendant "provides no authority or compelling

3

arguments to convince the Court that it reached the wrong conclusions in [a] previous decision."). Accordingly, because Connelly has not met all of the § 3143(b) requirements, his motion for bail pending appeal must be DENIED.

Second, Connelly's request that the Court order the BOP to designate him to a particular facility likewise fails. Connelly does not point to (and the Court is not aware of) any authority that gives the Court authority to *require* a particular designation by the BOP as a result of subsequent medical evidence, especially where almost 2 months has passed since the judgment issued. *See* 18 U.S.C. § 3621(b) (stating that "[t]he Bureau of Prisons shall designate the place of the prisoner's imprisonment" and allowing the Bureau to consider, among other factors, recommendations by the sentencing court in making the designation); *cf.* Fed. R. Crim. P. 35(a) (authorizing corrections of "clear error" within 14 days after sentencing); Fed. R. Crim. P. 36 (authorizing corrections of clerical errors "arising from oversight or omission" at any time). Even if the Court had such authority, it would not use it here, because the judgment recommended that the "defendant receive a full medical evaluation upon entry into the BOP; and that the BOP be aware of all medical reports provided by the defendant," which would include the CT scan that is the subject of this motion. (ECF No. 172.) Provided Connelly has given the BOP the report attached to his motion, the BOP, which makes the designation decision in any event, should have all the information it needs to make a suitable designation within the prison system.

Third and finally, Connelly's request that the Court stay his self-surrender date until the BOP makes a medical center designation is also unavailing. Rule 38 provides that a court must stay a sentence of imprisonment if a defendant is released pending appeal. Fed. R. Crim. P. 38(b)(1). The Court cannot stay execution of the sentence under this provision, because

4

Connelly has not shown entitlement to bail. "If the defendant is not released pending appeal," however, "the court may *recommend* to the Attorney General that the defendant be confined near the place of the . . . appeal for a period reasonably necessary to permit the defendant to assist in preparing the appeal." Fed. R. Crim. P. 38(b)(2) (emphasis added). Because Connelly seeks a stay for medical reasons and has not suggested that a particular designation is necessary to enable him to assist in preparing the appeal, this provision is inapplicable, but in any event it would still not authorize the Court to *order* stay of his sentence, as opposed to simply making a recommendation to the Attorney General. Further, as noted above, Rules 35 and 36 permit amendment of a criminal judgment only under limited circumstances, none of which apply here. Accordingly, the Court does not believe it is authorized to stay the self-surrender date. Even if it was so authorized, however, it would not do so for the same reasons as discussed above.

      For the reasons stated above, Defendant's motion for bail pending appeal or stay of surrender for sentence is DENIED.

                                         IT IS SO ORDERED.

                                         /s/
                                     Michael P. Shea, U.S.D.J.

Dated:        Hartford, Connecticut
               December 3, 2018